UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DWAYNE WASHINGTON

                      Plaintiff,

      v.

NANCY A. BERRYHILL,[1] Commissioner of
Social Security,

                      Defendant.

**DECISION
and
ORDER**

**17-cv-00957-LGF
(consent)**

---

APPEARANCES:               LAW OFFICES OF KENNETH R. HILLER, PLLC
                                   Attorneys for Plaintiff
                                   BRANDI SMITH, of Counsel
                                   6000 North Bailey Avenue
                                   Suite 1A
                                   Amherst, New York 14226


                                   JAMES P. KENNEDY, JR.
                                   UNITED STATES ATTORNEY
                                   Attorney for Defendant
                                   SEAN STEWART
                                   Assistant United States Attorney, of Counsel
                                   Federal Centre
                                   138 Delaware Avenue
                                   Buffalo, New York 14202, and

                                   VERNON NORWOOD
                                   United States Social Security Administration
                                   Office of the General Counsel, of Counsel
                                   26 Federal Plaza
                                   Room 3904
                                   New York, New York 10278, and

---

[1] Nancy A. Berryhill became Acting Commissioner of the Social Security Administration on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Carolyn Colvin as the defendant in this suit. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

DENNIS J. CANNING, and
SEAN NEVILLE STEWART
Special Assistant United States Attorney, of Counsel
c/o Social Security Administration
Office of General Counsel
601 East 12th Street
Room 965
Kansas City, Missouri 64106

## JURISDICTION

On June 19, 2018, the parties consented, pursuant to 28 U.S.C. § 636(c) and a Standing Order (Dkt. No. 10), to proceed before the undersigned. (Dkt. No. 10-1). The court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on motions for judgment on the pleadings, filed on May 5, 2018, by Plaintiff (Dkt. No. 7), and on August 8, 2018 by Defendant (Dkt. No. 15).

## BACKGROUND and FACTS

Plaintiff Dwayne Washington ("Plaintiff"), brings this action pursuant to the Social Security Act ("the Act"), seeking review of the Acting Commissioner of Social Security ("the Commissioner" or "Defendant") decision denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act ("disability benefits"). Plaintiff, born on September 1, 1981 (R. 17),[2] alleges that he became disabled on August 8, 2013, when he became unable to work as a result of right eye blindness, schizophrenia,

---

[2] "R" references are to the page numbers in the Administrative Record electronically filed by the Defendant in this case for the Court's review. (Dkt. No. 7).

2

hallucinations, hearing voices, short term memory loss, severe lower back pain, difficulty lifting, and high blood pressure. (R. 182).

Plaintiff's application for disability benefits was initially denied by Defendant on October 24, 2013 (R. 93), and pursuant to Plaintiff's request, a hearing was held before Administrative Law Judge Sharon Seeley ("Judge Seeley" or "the ALJ") on November 9, 2015, in Buffalo, New York, at which Plaintiff, represented by Michael Pretsch, Esq. ("Pretsch") appeared and testified. (R. 29-76). Vocational expert Josiah Pearson ("VE Pearson" or "the VE"), also testified. (R. 67-76). The ALJ's decision denying Plaintiff's claim was rendered on April 1, 2016. (R. 10-24). Plaintiff requested review by the Appeals Council, and on July 28, 2017, the ALJ's decision became Defendant's final decision when the Appeals Council denied Plaintiff's request for review. (R. 1-4). This action followed on September 26, 2017, with Plaintiff alleging that the ALJ erred by failing to find him disabled. (Dkt. No. 1).

On May 10, 2018, Plaintiff filed a motion for judgment on the pleadings ("Plaintiff's motion"), accompanied by a memorandum of law (Dkt. No. 7-1) ("Plaintiff's Memorandum"). On August 8, 2018, Defendant filed a motion for judgment on the pleadings ("Defendant's motion"), accompanied by a memorandum of law (Dkt. No. 15-1) ("Defendant's Memorandum"). On August 29, 2018, Plaintiff filed a reply (Dkt. No. 16) to Defendant's motion for judgment on the pleadings ("Plaintiff's Reply"). Oral argument was deemed unnecessary.

**DISCUSSION**

A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or the decision is based on legal error. *See* 42 U.S.C. 405(g); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence" means 'such relevant evidence as a reasonable mind might accept as adequate.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).

**A.     Standard and Scope of Judicial Review**

The standard of review for courts reviewing administrative findings regarding disability benefits, 42 U.S.C. §§ 401-34 and 1381-85, is whether the administrative law judge's findings are supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence requires enough evidence that a reasonable person would "accept as adequate to support a conclusion." *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938). When evaluating a claim, the Commissioner must consider "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability (testified to by the claimant and others), and . . . educational background, age and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)). If the opinion of the treating physician is supported by medically acceptable techniques and results from frequent examinations, and the opinion supports the administrative record, the treating physician's opinion will be given controlling weight. *Schisler v. Sullivan*, 3 F.3d 563, 567 (2d Cir. 1993); 20 C.F.R. § 404.1527(d); 20 C.F.R. § 416.927(d). The Commissioner's final determination will be

affirmed, absent legal error, if it is supported by substantial evidence. *Dumas,* 712 F.2d at 1550; 42 U.S.C. §§ 405(g) and 1383(c)(3). "Congress has instructed . . . that the factual findings of the Secretary,[3] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability insurance benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). If the claimant is engaged in such activity the inquiry ceases and the claimant is not eligible for disability benefits. *Id.* The next step is to determine whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities as defined in the applicable regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Absent an impairment, the applicant is not eligible for disability benefits. *Id.* Third, if there is an impairment and the impairment, or an equivalent, is listed in Appendix 1 of the regulations and meets the duration requirement, the individual is deemed disabled, regardless of the applicant's age, education or work experience, 20 C.F.R. §§ 404.1520(d) and 416.920(d), as, in such a case, there is a presumption the applicant with such an impairment is unable to perform substantial gainful activity.[4] 42 U.S.C. §§

---

[3] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

[4] The applicant must meet the duration requirement which mandates that the impairment must last or be expected to last for at least a twelve-month period. 20 C.F.R. §§ 404.1509 and 416.909.

423(d)(1)(A) and 1382(c)(a)(3)(A); 20 C.F.R. §§ 404.1520 and 416.920. *See also Cosme v. Bowen*, 1986 WL 12118, at * 2 (S.D.N.Y. 1986); *Clemente v. Bowen*, 646 F.Supp. 1265, 1270 (S.D.N.Y. 1986).

However, as a fourth step, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" and the demands of any past work. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the applicant can still perform work he or she has done in the past, the applicant will be denied disability benefits. *Id.* Finally, if the applicant is unable to perform any past work, the Commissioner will consider the individual's "residual functional capacity," age, education and past work experience in order to determine whether the applicant can perform any alternative employment. 20 C.F.R. §§ 404.1520(f), 416.920(f). *See also Berry,* 675 F.2d at 467 (where impairment(s) are not among those listed, claimant must show that he is without "the residual functional capacity to perform [his] past work"). If the Commissioner finds that the applicant cannot perform any other work, the applicant is considered disabled and eligible for disability benefits. 20 C.F.R. §§ 404.1520(g), 416.920(g). The applicant bears the burden of proof as to the first four steps, while the Commissioner bears the burden of proof on the final step relating to other employment. *Berry,* 675 F.2d at 467.

In reviewing the administrative finding, the court must follow the five-step analysis and 20 C.F.R. § 416.935(a) ("§ 416.935(a)"), to determine if there was substantial evidence on which the Commissioner based the decision. 20 C.F.R. § 416.935(a); *Richardson*, 402 U.S. at 410.

B.  **Substantial Gainful Activity**

The first inquiry is whether the applicant engaged in substantial gainful activity. "Substantial gainful activity" is defined as "work that involves doing significant and productive physical or mental duties" done for pay or profit.  20 C.F.R. § 404.1510(a)(b). Substantial work activity includes work activity that is done on a part-time basis even if it includes less responsibility or pay than work previously performed.  20 C.F.R. § 404.1572(a).  Earnings may also determine engagement in substantial gainful activity. 20 C.F.R. § 404.1574.  In this case, the ALJ concluded Plaintiff had not engaged in substantial gainful activity since August 8, 2013, Plaintiff's alleged onset date of disability.  (R. 7).  Plaintiff does not contest this finding.

C.  **Severe Physical or Mental Impairment**

The second step of the analysis requires a determination whether the disability claimant had a severe medically determinable physical or mental impairment that meets the duration requirement in 20 C.F.R. § 404.1509 ("§ 404.1509"), and significantly limits the claimant's ability to do "basic work activities."  If no severe impairment is found, the claimant is deemed not disabled and the inquiry ends.  20 C.F.R. § 404.1420(a)(4)(ii).

The Act defines "basic work activities" as "abilities and aptitudes necessary to do most jobs," and includes physical functions like walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; capacities for seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting.  20 C.F.R. §§

7

404.1521(b) ("§ 404.1521(b)"), 416.921(b). The step two analysis may do nothing more than screen out *de minimus* claims, *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995), and a finding of a non-severe impairment should be made only where the medical evidence establishes only a slight abnormality which would have no more than a minimal effect on the claimant's ability to work. *Rosario v. Apfel,* 1999 WL 294727, at *5 (E.D.N.Y. March 19, 1999) (quoting Social Security Ruling ("SSR") 85-28, 1985 WL 56856).

In this case, the ALJ determined that Plaintiff suffered from the severe impairments of schizoaffective disorder, depressive disorder, anxiety disorder without agoraphobia, substance (marijuana) abuse, and hypertension. (R. 7). Plaintiff does not contest the ALJ's step two disability findings.

### D. Listing of Impairments

At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal the criteria for disability under Appendix 1 of 20 C.F.R. Pt. 404, Subpt. P ("The Listing of Impairments"), specifically 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 4.00 (Cardiovascular System), 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 12.03 (Schizophrenic, Paranoid, and other Psychotic Disorders), 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 12.04 (Affective Disorders), 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 12.06 (Anxiety-Related Disorders), and 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 12.09 (Substance Addiction Disorders). Plaintiff does not contest the ALJ's step three findings.

## E. Residual functional capacity

Once an ALJ finds a disability claimant does not have a severe medically determinable physical or mental impairment, 20 C.F.R. § § 404.1520(a)(4)(ii), that significantly limits the claimant's physical and mental ability to do work activities, *Berry*, 675 F.2d at 467, and the claimant is not able, based solely on medical evidence, to meet the criteria established for an impairment listed under Appendix 1, the burden shifts to the Commissioner to show that despite the claimant's severe impairment, the claimant has the residual functional capacity to perform alternative work, 20 C.F.R. § 404.1520(a)(4)(iv), and prove that substantial gainful work exists that the claimant is able to perform in light of the claimant's physical capabilities, age, education, experience, and training. *Parker*, 626 F.2d 225 at 231. To make such a determination, the Commissioner must first show that the applicant's impairment or impairments are such that they nevertheless permit certain basic work activities essential for other employment opportunities. *Decker v. Harris*, 647 F.2d 291, 294 (2d Cir. 1981). Specifically, the Commissioner must demonstrate by substantial evidence the applicant's "residual functional capacity" with regard to the applicant's strength and "exertional capabilities." *Id.* An individual's exertional capability refers to the performance of "sedentary," "light," "medium," "heavy," and "very heavy" work. *Decker*, 647 F.2d at 294.

In this case, the ALJ found that Plaintiff was capable of performing medium work with limitations to Plaintiff's ability to understand, remember and carry out simple instructions and tasks, make simple work related decisions commensurate with tasks, maintain attention and concentration sufficient for such tasks with customary work breaks, occasional interaction with supervisors, occasional incidental contact with coworkers and

the general public, no work in coordination with others, a low stress work environment with no supervisory responsibilities, no work at a productive rate pace, and no more than occasional changes in work place activities, procedures and settings. (R. 16-17).

Plaintiff alleges that the ALJ's residual functional capacity assessment is without support of substantial evidence as the ALJ erred in rejecting of the consultative psychiatric opinion of Gregory Fabiano, Ph.D. ("Dr. Fabiano") (R. 346-50), and findings on a Mental Health Residual Functional Capacity Assessment completed by psychological consultant J. Straussner Ph.D. ("Dr. Straussner") (R. 89-91). Plaintiff contends that the ALJ's residual functional capacity assessment of Plaintiff was therefore based on the ALJ's lay opinion and created a gap in the record. Plaintiff's Memorandum at 23-25. Defendant maintains that the ALJ's residual functional capacity assessment of Plaintiff was based on substantial evidence, that the ALJ properly afforded weight to the findings of Dr. Fabiano and Dr. Straussner and included such findings on the ALJ's residual functional capacity assessment. Defendant's Memorandum at 14-20. Plaintiff's argument on this issue is without merit.

Plaintiff relies on the court's ruling in *Hopper v. Berryhill ("Hopper")*, 2017 WL 5712307, at *3 (W.D.N.Y. Nov. 28, 2017), to support Plaintiff's contention that the ALJ's summary rejection of the findings of Drs. Fabiano and Straussner resulted in a residual functional capacity based on the ALJ's lay opinion and an evidentiary gap in the record. Plaintiff's Memorandum at 27. Plaintiff's argument is misplaced. The court in *Hopper* found that the ALJ erred in rejecting the singular medical opinion on record regarding Plaintiff's mental capacity. *Hopper*, 2017 WL 5712307, at *3. In this case, the ALJ afforded little weight to the residual functional capacity findings of Dr. Fabiano (R. 20),

but did not completely reject as Plaintiff's asserts, Dr. Fabiano's findings, and somewhat more weight to Dr. Straussner's mental residual functional capacity assessment of Plaintiff, finding Dr. Straussner's opinion that Plaintiff had a significant limitation to dealing with others was more consistent with Plaintiff's medical treatment records. (R. 21). The ALJ included in the residual functional capacity assessment of Plaintiff Dr. Straussner's finding that Plaintiff had the ability to respond to supervision while performing customary work involving brief/superficial contact with co-workers and the public (R. 90), had a moderate limitation to accepting instructions and responding appropriately to criticism from supervisors, ask simple questions or request assistance, interact appropriately with the general public, and was not significantly limited in his ability to maintain socially acceptable behavior and adhere to basic standards of neatness and cleanliness (R. 89). Dr. Straussner's findings are consistent with the ALJ's residual functional assessment that Plaintiff's ability to perform medium work should include limitations to Plaintiff's ability to make simple work related decisions, maintain attention and concentration sufficient with simple tasks with customary work breaks, occasional interaction with supervisors, occasional contact with coworkers and the general public, never work in coordination with others, work at a production rate pace, in a loss stress environment (with no supervisory responsibilities), with no more than occasional changes in work routines, procedures, or settings (R. 17), which the VE opined included the job of housekeeping cleaner. (R. 68). The ALJ's residual functional capacity assessment of Plaintiff is also consistent with Dr. Fabiano's finding that Plaintiff was able to perform simple tasks independently, learn new tasks, and that Plaintiff had a moderate limitation to his ability to adequately relate with others. (R. 349), which the

ALJ also included in the residual functional capacity determination.  The ALJ's residual functional capacity assessment is therefore supported by substantial evidence and was not the result of the ALJ's lay opinion as Plaintiff contends.  *See Matta v. Astrue,* 508 Fed. App'x. 53, 56 (2d. Cir. 2013) (ALJ's residual functional capacity finding need not perfectly correspond to medical source opinions where residual functional capacity is consistent with the record as a whole).  Plaintiff's motion on this issue is DENIED.

## **CONCLUSION**

Based on the foregoing, Plaintiff's motion (Doc. No. 7) is DENIED; Defendant's motion (Doc. No. 15) is GRANTED.  The Clerk of Court is ordered to close the file.
SO ORDERED.

                 /s/ *Leslie G. Foschio*

                _____
                 LESLIE G. FOSCHIO
               UNITED STATES MAGISTRATE JUDGE


DATED:  March 5, 2019
      Buffalo, New York